Christopher Schierloh (CS6644)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o DELPHI
CORPORATION




2007 Civ.

Plaintiff,

COMPLAINT

- against -

M/V LT GREET her engines, boilers, tackle,
furniture, apparel, etc., in rem; ITALIA
MARITTIMA S.P.A., and EVERGREEN LINE,

Defendants.
------------------------------------------------------------X



Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "INA" or "Plaintiff"), by and through its attorneys, Casey & Barnett, as and for its Complaint against the M/V LT GREET her engines, boilers, tackle, furniture, apparel, etc., *in rem* and Italia Marittima S.P.A., and Evergreen Line. *in personam*, alleges upon information and belief as follows:

**PARTIES**

1. At all material times, INA was and is an insurance company with an office at 140 Broadway, 40th Floor, New York, NY, 10005 and is the subrogated underwriter of Delphi Corporation, who was the shipper of used personal and household furniture goods, as more specifically described below.

2. Upon information and belief, defendant, Italia Marittima America Corporation (hereinafter "IMAC"), was and is a corporation with an office and place of business located at One Evertrust Plaza, Jersey City, New Jersey 07302 and was and still is doing business in this jurisdiction directly and/or through an agent and was at all times acting as the owner, operator and/or manager of the M/V LT GREET, and as a common carrier of goods by water.

3. Upon information and belief, Evergreen Line (Evergreen) was and is a corporation or other business entity with an office and place of business located One Evertrust Plaza, Jersey City, New Jersey 07302 and was and still is doing business in this jurisdiction directly and/or through an agent and was at all times acting as the owner, operator and/or manager of the M/V LT GREET, and as a common carrier of goods by water.

4. Upon information and belief, at all times hereinafter mentioned, defendant M/V LT GREET (hereinafter "vessel"), was and still is a vessel operated as a common and/or private carrier of goods in ocean transportation for hire and upon information and belief, she is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

**JURISDICTION**

5. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

6.    On or about July 2, 2006, a consignment, consisting of personal effects, including a piano, furniture, and clothing, then being in good order and condition, were delivered to the *in personam* defendants and/or their agents in Shanghai China, for transportation to Tacoma, Washington in consideration of an agreed upon freight, pursuant to IMAC bill of lading number ITMA858691279911.

7.    Thereafter, the cargo having been loaded aboard the *in rem* defendant, M/V LT GREET, the vessel sailed from the port at Shanghai, China and discharged the cargo in Tacoma, WA on or about July 17, 2006.

8.    Following discharge, it was discovered that the consignment was not in the same good order and condition as when received by the defendant, but instead, the piano, furniture, and clothing had sustained water damage during transit.

9.    As a result of the damages sustained to the shipment, plaintiff has sustained a loss in the amount of $17,000.

10.    The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unseaworthiness and bailment on the part of the defendants.

11.     Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

12.     By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $17,000.

13.     Plaintiff has a maritime lien against the M/V LT GREET for the damages referred to herein and will enforce that lien in these proceedings.

14.     All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1.      In rem service of process be issued against the M/V LT GREET, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the in personam defendants cannot be found within this District, then all their property within this District be attached in the amount of $17,000 with interest thereon and costs, the sums sued for in this Complaint;

3. The M/V LT GREET, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiffs;

4. The Court order, adjudge and decree that defendants, Italia Marittima S.P.A and Evergreen Line be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
July 17, 2007
115-849

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: _____
Christopher Schierloh (CS6644)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225