9007/PMK
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
61 BROADWAY, SUITE 3000
NEW YORK, NEW YORK 10006
212-344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o DELPHI CORPORATION<br><br>                    Plaintiff,<br><br>                against<br><br>M/V LT GREET her engines, boilers, tackle, furniture, apparel, etc., in rem; ITALIA MARITIMMA S.P.A., and EVERGREEN LINE<br><br>                    Defendants. | 07 CV 6434<br>ECF<br><br>EVERGREEN MARINE CORPORATION<br>and ITALIA MARITIMMA S.P.A.<br><u>ANSWER</u> |

Defendants Evergreen Marine Corporation (hereinafter "EMC") and Italia Maritimma (hereinafter IM), (collectively referred to herein as defendants), by and through their attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, upon information and belief, Answer the Plaintiff's, Indemnity Insurance Company of North America a/s/o Delphi Corporation (hereinafter referred to as "plaintiff"), Complaint 07 CV 6434 as follows:

## **PARTIES**

1. Defendants deny knowledge and information sufficient to respond to the allegations in paragraph 1 of plaintiff's complaint.

2. Admits that IM is a foreign corporation which has an agent, EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION, with an office at One Evertrust Plaza, Jersey City, New Jersey 07302; Further, IM admits that it is a vessel operating

common carrier as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998; except as so specifically admitted defendants deny all the remaining allegations contained in paragraph 2 of Plaintiff's complaint.

3.  Admits that EMC is a foreign corporation which has an agent, EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION, with an office at One Evertrust Plaza, Jersey City, New Jersey 07302; Further, EMC admits that it is a vessel operating common carrier as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998; except as so specifically admitted defendants deny all the remaining allegations contained in paragraph 3 of Plaintiff's complaint.

4.  Defendants admit that the LT GREET is a vessel operated as a common carrier of goods in ocean transport as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998; except as so specifically admitted defendants deny all the remaining allegations contained in paragraph 4 of Plaintiff's complaint.

## JURISDICTION

5.  Defendants admit that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 USC 1333.

## FACTS

6.  Defendants admit that on or about July 2, 2006, "shipper's load and count" container numbered, TGHU3198540 was shipped from Shanghai China to Tacoma, Washington aboard the M/V LT GREET pursuant to all the terms and conditions of the applicable bill of lading contract ITMA858691279911; except as so specifically admitted, defendants deny all the allegations contained in paragraph 6 of plaintiff's complaint.

7. Defendants admit that on or about July 2, 2007 sealed container numbered TGHU3198540 was loaded on the LT GREET at Shanghai, China which sailed for Tacoma, Washington where the aforementioned container was discharged in good order and condition on or about July 17, 2007; except as so specifically admitted, defendants deny all the allegations contained in paragraph 7 of plaintiff's complaint.

8. Defendants deny all of the allegations contained in paragraph 8 of plaintiff's complaint.

9. Defendants deny all of the allegations contained in paragraph 9 of plaintiff's complaint.

10. Defendants deny all of the allegations contained in paragraph 10 of plaintiff's complaint.

11. Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 11 of Plaintiff's complaint.

12. Defendants deny all of the allegations contained in paragraph 12 of plaintiff's complaint.

13. Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 13 of Plaintiff's complaint.

14. Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 14 of Plaintiff's complaint.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. The shipment in question was to be carried from a foreign port to a United States port pursuant to Sea Waybill and EMC's Tariff and was therefore subject to United States Carriage Of Goods by Sea Act 46 U.S.C. (App.) 1300 et. seq.

16. Defendants claim the benefit of all exceptions, exemptions and limitations contained in the aforesaid statute or Sea Waybill and its tariff to the full extent as may be applicable.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. Defendants claim the benefit of the Harter Act, the provisions of the General Maritime law, applicable United States foreign law and all vessel limitation of liability statutes to the full extent they may be applicable to it.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. Due diligence was exercised on the part of the defendants to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19. That if plaintiff's cargo suffered any loss or damage, which EMC denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants or the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

20. That if the goods in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging, for which the defendants are not liable

under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(o) and (n), and by the terms of the contract of carriage.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

21. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act of omission of the shipper, for which the defendants are not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(i), and by the terms of the contract of carriage.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

22. The maximum liability of Defendants, if any, is $500 per package as agreed to in the provisions of the bill(s) of lading and under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. Section 1304 (5). In this case of household goods, the container is deemed to be the package.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

23. That if the goods in suit were damaged, which is denied, said damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

**WHEREFORE,** Defendants pray that the Complaint against it be dismissed and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
September 5, 2007

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
*Attorneys for Italia Maritimma SPA and Evergreen Marine Corporation*

By:  S/ Paul M. Keane (PMK-5934)
61 Broadway, Suite 3000
New York, NY 10006

**CERTIFICATE OF SERVICE BY ECF and US MAIL**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On September 5, 2007 I served by ECF and US Mail a complete copy of EVERGREEN MARINE CORPORATION and ITALIA MARITIMA SPA answer to the complaint to the following parties:


DATED:     September 5, 2007
           New York, New York


                                        S/ Jessica De Vivo     (JAD/6588)
                                        Jessica De Vivo